Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Stephanie@thetatarlawfirm.com

Attorney for Plaintiff
*Juan Raymundo Ramos*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAYMUNDO RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE, N.A.,<br><br>Defendant. | Civil Action No.   2:21-cv-204<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. ELECTRONIC FUNDS TRANSFER ACT 15 USC §1693 et seq.<br>2. CALIFORNIA BUSINESS & PROFESSIONS CODE, §17200 et seq<br>3. CONVERSION<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S COMPLAINT

Plaintiff JUAN RAYMUNDO RAMOS (hereinafter referred to as "Plaintiff"), by his attorney, Stephanie R. Tatar, alleges the following against JP MORGAN CHASE, N.A. (hereinafter referred to as "Defendant"):

1

COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. 1693 *et. seq.*, California Business & Professions Code, §17200 and various state common law claims.

2. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Fund Transfer Act to provide basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems, most particularly, to provide consumers with individual rights.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

7. Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

8. Plaintiff is an adult individual residing in Van Nuys, California.

9. Defendant is a business entity with its principal office located in New York and which regularly conducts business in the State of California.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff is a victim of identity theft and brings this action in response to Defendant's unlawful refusal to reverse $2,000.00 in unauthorized transfers of funds from Plaintiff's Chase bank account.

11. In October 2020, Defendant offered a service to its customers known as "Chase QuickPay with Zelle."

12. Chase QuickPay with Zelle "is a person-to-person payment service available to almost anyone with a U.S. bank account." This service provides

Defendant's customers with an easy and convenient way to electronically send money to others. https://www.chase.com/personal/quickpay.

13. The service allows a consumer to send money to other individuals, withdrawing money from the consumer's account.

14. In October 2020, Plaintiff maintained a bank account with Defendant.

15. On October 16, 2020, an unknown individual, without Plaintiff's knowledge, consent, or authorization, obtained access to Plaintiff's Chase bank account.

16. This individual utilized Plaintiff's ChasePay with Zelle information to electronically send $2,000.00 to an individual unknown to Plaintiff, Bryanna Escobar.

17. Plaintiff does not know and does not associate with any individual known as Bryanna Escobar.

18. Bryanna Escobar was not an individual in Plaintiff's payment history or ChasePay with Zelle history, and Plaintiff had never sent Bryanna Escobar money in the past.

19. Plaintiff immediately noticed the unauthorized transaction and notified Defendant of this theft on October 16, 2020.

20. Plaintiff reported the fraudulent transaction by phone to the Chase Claims Department on October 16, 2020.

21. The representative Plaintiff spoke to on the phone instructed Plaintiff to wait ten (10) days to follow up.

22. Plaintiff also reported the theft in person at his branch on October 16, 2020.

23. At that time, Plaintiff also demanded that Defendant close his bank account, given that it had been compromised.

24. On October 29, 2020, Plaintiff received a letter from Chase which stated:

> "We completed our research for the transaction(s) you reported on 10/16/2020.
> **Here's what you should know**
> - We found that the transaction(s) was processed correctly or was authorized.
> - No adjustment will be made to your account at this time.
> - Contact us if you would like to request the information we used for our research."

25. Plaintiff contacted Defendant on October 30, 2020 and was given the same explanation.

26. On November 2, 2020, Plaintiff filed another dispute at his branch and was informed by Lilia Bikhoyan that his dispute would be addressed by executive level decision makers.

27. However, on November 3, 2020, Plaintiff was again informed that he would not be given his money back and that his claim was denied. Defendant

advised Plaintiff to file a police report and to forward the report to the Claims Department.

28. On November 3, 2020, Plaintiff filed an identity theft police report with the Los Angeles Police Department.

29. On November 4, 2020, Plaintiff sent Defendant a letter informing them of the identity theft, attaching a copy of his police report and other supporting documentation.

30. Defendant has, and continues to refuse to acknowledge Plaintiff as a victim of identity theft and has refused to return the $2,000.00 that was illegally withdrawn from his account.

31. The account at issue was a deposit account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

32. This electronic funds transfer ("EFT") of $2,000.00 was not authorized by Plaintiff, and was performed without Plaintiff's authority or consent.

33. Plaintiff did not perform this electronic transfer, and did not authorize anyone to access his account information or to transfer money out of his account.

34. An unauthorized individual gained access to Plaintiff's personal information and initiated the transfer out of Plaintiff's account.

35. Plaintiff repeatedly disputed the unauthorized electronic transfer and debit from his account, and repeatedly demanded the return of the $2,000.00 that was withdrawn from his account.

36. To date, Defendant has refused to return the funds to Plaintiff.

37. At all times relevant, Plaintiff has disputed the validity of the use of his account for the aforementioned transfer of funds.

38. At all times relevant hereto, Plaintiff owned and/or had full possessory rights over the funds in his bank account.

39. At all times relevant hereto, Defendant had no possessory right to the funds in Plaintiff's bank account.

40. Defendant prevented Plaintiff from having access to the aforementioned funds and fully deprived him of any possessory rights of these funds.

41. Through this conduct, Defendant harmed Plaintiff by fully depriving him of the full use, value and enjoyment of the monies described above.

42. Defendant never properly investigated any of Plaintiff's disputes.

43. Rather, Plaintiff was advised that he would remain liable for the full amount of the identity thief's fraudulent activity.

44. Defendant, despite Plaintiff's phone calls and correspondence, has refused to acknowledge that he is not responsible for the fraudulent transaction, which it accepted and withdrew from Plaintiff's checking account.

45. Defendant, despite Plaintiff's phone calls and correspondence, has refused to acknowledge that Plaintiff is not responsible for the charge, identified in paragraph 10 above.

46. Plaintiff complied with all requests of Defendant to provide information in order to have his checking account properly credited. Despite the insistence of Plaintiff, the Defendant has failed to correct the error and failed to undertake sufficient investigations upon being notified of the errors and fraud.

47. As a result of Defendant's conduct, Plaintiff has suffered great embarrassment, humiliation and emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

48. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the loss of monies rightfully and lawfully deposited into Plaintiff's checking account and loss of use opportunities.

49. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the scope of their

agency or employment and under the direct supervision and control of the Defendant herein.

50. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION

## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

## 15 USC. §1693 *et seq.*

51. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

52. As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

53. At all relevant times, the accounts held by Plaintiff were "accounts" as that term is defined by 15 U.S.C.§1693a(2) and 12 C.F.R. 1005.2(b)(1).

54. The withdrawals detained above were unauthorized electronic fund transfers as defined by 15. U.S.C. §1693a(12) and 12 C.F.R. 1005.2(m).

55. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

56. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA and 12 CFR Part 1005 (Regulation E).

57. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE,

### Cal. Bus. & Prof. Code § 17200

58. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

59. Defendant failed to adequately investigate Plaintiff's claim of identity theft, and refused to return funds that were stolen from Plaintiff.

60. Defendant failed to maintain reasonable procedures to investigate claims of identity theft and unauthorized payments through ChasePay with Zelle.

61. Defendant's actions above constitute unlawful, unfair, and fraudulent business practices.

62. Defendant's practices were unlawful because they violate the EFTA, as described in Count I.

63. Defendant's practices were also unfair, because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to refuse a valid claim of identity theft, refuse to return funds improperly withdrawn from a consumer's account, and maintain unreasonable investigation procedures.

64. Defendant's actions as described above were contrary to public policy and generally recognized standards of business and industry practices.

65. The harm caused by these business practices vastly outweighs any legitimate utility they possible could have.

66. Plaintiff was damaged as a direct and proximate result of Defendant's conduct as described above.

67. As a result, Plaintiff is entitled to actual and punitive damages, injunctive relief and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

## CONVERSION

68. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

69. Defendant intentionally took monies from Plaintiff's bank account.

70. At all times, Plaintiff owned and/or had full possessory rights over the funds in his bank account.

71. At all times, Defendant had no possessory right to the funds in

Plaintiff's bank account.

72. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of his monies described above.

73. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

74. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value and enjoyment of the monies described above.

75. Defendant further caused Plaintiff to suffer emotional distress.

76. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

77. Plaintiffs are entitled to punitive and exemplary damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved

statutes;

4. For a civil penalty, where applicable;

5. For attorney's fees where authorized by statute or law;

6. For costs of suit;

7. For such other relief as the court deems just and proper.

Dated: 1/11/2021

Respectfully submitted,

By: *Stephanie R. Tatar*
Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146